THE PEOPLE OF THE TERRITORY OF GUAM, Appellee

v.

BARTHOLOMEW M. PUGH, Appellant

Criminal No. 38-A

District Court of Guam

Appellate Division

December 15, 1967

---

*Counsel for Appellee:*    ISLAND ATTORNEY
*Counsel for Appellant:*    ARRIOLA, BOHN & DIERKING

Before SHRIVER, *Judge*, District Court of Guam; PEREZ, *Chief Judge*, Island Court of Guam

PER CURIAM

## OPINION

Bartholomew M. Pugh, the appellant, hereinafter the defendant, was convicted of the offense of operating a motor vehicle while under the influence of intoxicating liquor, in violation of Section 23405(a) of the Government Code of Guam. The defendant's sole contention on appeal is that the evidence was not sufficient to prove the offense.

The evidence upon which the court below was entitled to rely showed that the defendant, who was known to the arresting officer, attracted the attention of the officer when he was seen standing by an automobile; that the officer became suspicious and when the automobile started up, followed it; that the automobile was weaving from one lane to the other lane on a two-lane highway; that the car was stopped, that the defendant's eyes were bloodshot; that there was vomit on his shirt and over the interior of the car, the rear floor and the front floor; that there was a brown paper bag which contained an almost empty bottle marked "Vodka"; that when the defendant got out of the car he staggered; that the fly of his pants was open and that because of his general condition he was taken to jail. In our view this evidence was more than sufficient to prove the charge.

While it is true that no sobriety test was given, this Court pointed out in *Marte v. Government of Guam*, 115 F.Supp. 524, (1953):

It is true that many conditions of common experience give rise to opinions or conclusions that are treated as facts—the sum total of visual or other sensations may be quite a reliable indication of the facts.

In the *Marte* case we reversed because the arresting officers had not stated the facts leading to their conclusions and the doctor who gave the sobriety test did not make an examination, although he concluded that the defendant was drunk. In the present case we have the erratic driving of the defendant, bloodshot eyes, the vomit in the car and on the clothing of the defendant, the presence in the car of a bottle marked "Vodka", the failure of the defendant to fasten his pants, and his staggering condition. The conclusion of being under the influence of intoxicating liquor was thoroughly justified. It is noted that this case is being heard by a two-judge court and that the parties have

179

waived any objection. The judgment of the Island Court is affirmed.